# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAVIN LEE PEEPLES,<br>Petitioner,<br><br>v.<br><br>WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>Respondent. | Case No. 1:19-cv-340<br><br>Black, J.<br>Litkovitz, M.J.<br><br>**ORDER AND REPORT<br>AND RECOMMENDATION** |

Petitioner, an inmate at Southern Ohio Correctional Facility, in Lucasville, Ohio, is serving a term of life imprisonment for a 1992 Ohio murder conviction. (*See* Doc. 1-1, at PageID 15). This matter is before the Court on petitioner's "Motion for Expert Psychiatric & Medical Evaluation at a Federal Medical Facility" (hereinafter referred to as "motion for expert evaluation") (Doc. 1-1), motion for appointment of counsel (Doc. 1-2), motion for service of process (Doc. 1-3), a second motion for appointment of counsel (Doc. 6), and motion for a hearing (Doc. 9). Through these motions, petitioner seeks assistance in challenging his 1992 murder conviction. On June 6, 2019, the undersigned ordered petitioner, *inter alia*, to show cause why the action should not be transferred to the Sixth Circuit Court of Appeals as successive because petitioner has previously challenged in federal court his 1992 conviction. (Doc. 7, at PageID 167). Petitioner has now responded to the Court's June 6, 2019 Order. (Doc. 8).

For the reasons that follow, the undersigned **RECOMMENDS** that petitioner's motions for expert evaluation (Doc. 1-1) and for appointment of counsel (Doc. 1-2; Doc. 6) be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus petition seeking relief under 28 U.S.C. § 2254. In light of the recommendation to transfer these motions to the Sixth Circuit, petitioner's remaining motions for service of process (Doc. 1-3) and a

hearing before this Court (Doc. 9) are **DENIED as moot**.

Petitioner has previously challenged in federal court his underlying 1992 murder conviction. *See In re Peeples*, No. 06-4091 (6th Cir. Dec. 26, 2006) (Batchelder, Gilman, & Rogers, JJ.) (setting forth procedural history of the case and denying petitioner authorization to file a second or successive habeas petition challenging the 1992 conviction).[1] Petitioner now seeks expert evaluation and appointment of counsel to file claims challenging his 1992 conviction on grounds that: (1) he was actually innocent; (2) he was incompetent to stand trial; (3) his confession was involuntary; (4) he received ineffective assistance of counsel; (5) his right to due process was violated; (6) he was denied a fair trial; and (7) he was denied proper medical care at the time of trial and sentencing. (*See* Doc. 1-1, at PageID 16; Doc. 1-2, at PageID 108; Doc. 6).

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). A district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. 28 U.S.C. § 2244(b)(1). In addition, the court must dismiss a claim presented in a second or successive petition which the petitioner did not include in the prior petition, unless: (A) the petitioner shows the claim relies on a new

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"When a statute removes jurisdiction over a particular type of case from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam). *See also United States v. Howard*, No. 6:09-7074-DCR, 2015 WL 5612001, at *2 (E.D. Ky. Sept. 22, 2015) (transferring motion for appointment of counsel to Sixth Circuit as a second or successive petition). It follows that the district courts would also lack jurisdiction to consider a motion for expert evaluation.

Because this Court denied petitioner's first § 2254 petition on the merits, *see In re Peeples*, No. 06-4091, at p. 1, petitioner's motions for expert evaluation and appointment of

3

counsel should have been brought in the Sixth Circuit Court of Appeals as part of a § 2244(b) petition for authorization to file a successive habeas petition in this Court. *See, e.g., Key*, 205 F.3d at 774. This Court lacks jurisdiction to consider petitioner's motions for expert evaluation and appointment of counsel in the absence of prior authorization by the Sixth Circuit. *See id.*; *see also Howard*, 2015 WL 5612001, at *2. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's motions for expert evaluation (Doc. 1-1) and for appointment of counsel (Doc. 1-2; Doc. 6) be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus petition seeking relief under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED THAT:**

In light of the above recommendation, petitioner's remaining motions for service of process (Doc. 1-3) and a hearing before this Court (Doc. 9) are **DENIED as moot**.

Date: 7/17/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KAVIN LEE PEEPLES,
Petitioner,

v.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:19-cv-340

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.